UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KERSTIN PREIS JONES, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:22-cv-1016-LCB-GMB |
| CHAD GARRETT, WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report (Doc. 17) on May 8, 2023, recommending that Respondent Warden Chad Garrett's motion to dismiss as moot (Doc. 16) be granted. Petitioner Kerstin Preis Jones has filed an objection to the report and recommendation. (Doc. 18).

On April 18, 2023, Jones filed a Notice of Change of Address, indicating that she had been released from the Federal Correctional Institution in Aliceville, Alabama to the South Louisiana ICE Processing Center. (Doc. 14). In response to the court's order for a status report, Garrett represented to the court that the Federal Bureau of Prisons' ("BOP") released Jones[1] to the custody of Immigrations and

---

[1] The court acknowledges that the respondent mistakenly referred to Kerstin Preis Jones as Sharon D. Jones in a statement in the status report and motion to dismiss. *See* Doc. 16 at 1; Doc. 18 at 1–2.

Customs Enforcement ("ICE") on March 28, 2023[2] and moved for dismissal of her case. (Doc. 16 at 2). Because Jones received the relief she had requested in her petition, the Magistrate Judge recommended dismissal of Jones' § 2241 petition as moot. (Doc. 17 at 2).

Jones objects to the dismissal of her petition because BOP "applied [her] credits 1 year late," resulting in a delay of her release and causing "unrepairable damage." (Doc. 18 at 1–2). She asserts that she "will seek relief for damages caused by respondents for distress." (Doc. 18 at 2). Indeed, in her notice of change of address, she informed the court that she had submitted a tort claim at FCI Aliceville. (Doc. 14).

As the Magistrate Judge recognized in the report and recommendation, Jones has been released from custody, and thus, the court can no longer provide her meaningful relief. (Doc. 17 at 2). The only relief available via habeas corpus is "immediate or more speedy release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Accordingly, Jones' petition for writ of habeas corpus is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (holding that "a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (finding that a petitioner must

---

[2] Jones is subject to an Immigration Detainer. *See* Doc. 11-4.

demonstrate collateral consequences to avoid the mootness doctrine once he has been released from custody). Additionally, where a prisoner asserts a claim for monetary damages, "habeas corpus is not an appropriate or available federal remedy." *Preiser*, 411 U.S. at 494.

For the above reasons, Jones' objection is **OVERRULED**. The respondent's motion to dismiss is due to be granted, and the petition is due to be dismissed as moot.

A final judgment will be entered.

**DONE** and **ORDERED** May 24, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE